**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BancInsure, Inc.,

Plaintiff,

vs.

Arteria Smith Watson
f/k/a Arteria F. Smith,

Defendant.

Case No. 02-854 (DWF/SRN)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND AMENDED ORDER FOR JUDGMENT**

---

Joseph A. Nilan, Esq., David H. Gregerson, Esq., and Christine A. Longe, Esq., Gregerson Rosow Johnson & Nilan, 1600 Park Building, 650 Third Avenue South, Minneapolis, MN 55402-4337, counsel for Plaintiff.

Arteria Smith Watson, *Pro Se*, 439 Third Avenue South, South St. Paul, MN 55075, Defendant.

---

The above-entitled matter came on for hearing on Plaintiff BancInsure, Inc.'s dispositive motion for entry of a default and judgment by default on June 14, 2002, at 9:30 a.m. before the Honorable Donovan W. Frank.

David H. Gregerson and Christine A. Longe appeared for and on behalf of Plaintiff BancInsure, Inc.; there was no appearance by or on behalf of Defendant Arteria Smith Watson.

Based upon all the files, records, and proceedings herein, and being fully advised in the premises, the Court makes the following:

## FINDINGS OF FACT

1. That all times material hereto, BancInsure had executed and issued in force Industry Standard Form 24 Financial Institution Bond ("FIB") designated as Bond No. 22FIB00481-9P, naming Signal Financial Corporation and Signal Bank National Association (collectively referred

JUN 21 2002

FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 21 2002
DEPUTY CLERK ____

to herein as "Signal Bank") as insureds. That BancInsure's FIB is subject to a $10 million limit of liability and a $25,000.00 deductible.

2. That the aforesaid FIB Insuring Agreement (A) provides indemnification to Signal Bank for "loss resulting directly from dishonest or fraudulent acts committed by an employee . . . with the manifest intent . . . to cause the insured to sustain such loss, and to obtain financial benefit for the employee or another person or entity."

3. That on or about January 30, 2002, and following noticc to BancInsurc, Signal Bank filed a Proof of Loss claim with BancInsure, claiming a loss in the sum of $570,000.00 associated with the activities and conduct of former Signal Bank employee, Arteria Smith Watson. That Watson did, while in the employment of Signal Bank as vault teller, take cash from the vault and manipulate records of Signal Bank's own accounts to conceal cash shortages.

4. That 30 transactions initiated by Watson to take vault cash and conceal cash withdrawals occurred during the period of December 13, 2000, to January 16, 2002.

5. That Watson would increase and decrease manipulations of cash accounts to conceal individual cash withdrawals from the vault by Watson.

6. That Watson maintained individual access to the vault by knowledge of the complete combination lock on the vault. Watson entered the vault on her own and forged the initials of other bank personnel on vault log books in order to satisfy the insured's internal procedures and controls.

7. That BancInsure, in response to Signal Bank's Proof of Loss, remitted payment to Signal Bank in the sum of $545,000.00 in exchange for an executed Release and Assignment.

8. That BancInsure is entitled to damages based upon equitable and legal rights of subrogation and assignment against Watson in the sum of $545,000.00.

9. That Arteria Smith Watson, during the period of time in which she took cash from Signal Bank, purchased a home in South St. Paul, Minnesota, legally described as follows:

> Riverside Park Addition, Lot 11, Block 14
> Dakota County, Minnesota

10. That on April 25, 2002, BancInsure obtained an attachment lien against Arteria Smith Watson's property.

11. That Arteria Smith Watson was properly served with the Summons and Complaint in this matter on April 24, 2002, alleging fraud and conversion by Watson and requesting relief in the sum of $545,000.00.

12. That Arteria Smith Watson was properly served with Notice of Motion and Motion for Default Judgment on May 21, 2002.

13. That Arteria Smith Watson failed to serve or file any response to BancInsure's Summons and Complaint within the time limit allowed by the Federal Rules of Civil Procedure.

14. That hearing on BancInsure's default motion took place before the undersigned on June 14, 2002, and neither Arteria Smith Watson nor anyone on behalf of her attended the motion hearing.

## CONCLUSIONS OF LAW

1. On April 24, 2002, Arteria Smith Watson was properly served with the Summons and Complaint in this matter.

2. More than 20 days have elapsed since the service of the Summons and Complaint.

3. On May 21, 2002, BancInsure served Notice of Motion and Motion for Default Judgment on Arteria Smith Watson.

4. Arteria Smith Watson is in default and has failed to serve or file an Answer or other pleading to the Complaint.

**ORDER**

1. A default against Defendant Arteria Smith Watson is hereby entered.

2. Judgment by default is hereby entered against Arteria Smith Watson pursuant to Rule 55 of the Federal Rules of Civil Procedure in the amount of $545,000.00.

3. BancInsure, Inc. shall have a lien of $545,000.00 upon the real property described as:

> Lot 11, Block 14, Riverside Park Addition
> Dakota County, Minnesota

owned by Arteria Smith Watson subject to encumbrances of record.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**BY THE COURT:**

Dated: June 21, 2002

Honorable Donovan W. Frank
Judge of U.S. District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.